RICHARDSON'S MISSOURI EXPRESS Co., Defendant in Error, v. P. & B. CUNNINGHAM, Plaintiffs in Error.

1. The fact that an express company, receiving goods from a vendor to be transported and delivered to a vendee upon the payment of the price, renders itself liable to respond to the vendor for the price in consequence of its delivering the goods to the vendee without the payment of the price, will not entitle it to sue the vendee by attachment under subdivision 13 of section 1 of the attachment act. (R. C. 1855, p. 239.)

*Error to Cooper Court of Common Pleas.*

This was a suit commenced before a justice of the peace by attachment, on the 4th of February, 1857. The following is the statement of the cause of action:

" St. Louis, March 28th, 1856.   Messrs. P. & B. Cunningham to Richardson's Missouri Express Co., Dr.   To bill for collection from Ubsdell, Pierson & Co., on one bale goods shipped to Jefferson city this date, and erroneously delivered by our agents, Maus & Lohman, without collecting as receipted for to U., P. & Co., $83.90 principal, $4.25 interest—total, $87.15."

The affidavit upon which the attachment was based was made under the thirteenth specification or subdivision of section 1st of the attachment act.   It set forth that the demand of plaintiff, Richardson's Missouri Express Co., against the defendants, was for the " price of a bale of goods shipped to Jefferson city on the 28th of March, 1856, and there delivered by plaintiff's agents, Maus & Lohman, to defendants, without the defendants paying to said agents the price aforesaid of the same."

The writ of attachment was levied on goods, some of which belonged to Patrick and some to Barnard Cunningham.   Upon the trial of the issue raised by a plea in the nature of a plea in abatement, the court, at the instance of the plaintiff, gave the following instruction :   " If the jury believe from the evidence that the goods obtained by defendant, B. Cunningham, at Jefferson city, were transported from the city of St. Louis to that point by the Missouri Express Co., from the house of Ubsdell, Pierson & Co., and that the price of said goods, together with price also for transportation, was to have been paid by defendant on delivery of same to them—that he obtained said goods without paying for the same or the charges thereon, and has not since paid, and that said Express Company have become liable to Ubsdell, Pierson & Co. for the said goods—then the jury must find for the plaintiff; provided they further find that P. Cunningham mixed his goods, which were attached, with said B. Cunningham's, to defeat plaintiff in recovering his demand."

The court, of its own motion, gave the following instruction :   " 2. The court instructs the jury that if the defendants P. & B. Cunningham have mixed the goods attached with the

fraudulent intent of preventing plaintiffs from making their debt out of B. Cunningham, the jury will find for the plaintiff."

The defendants asked the court to give the following instructions: "1. If the jury believe from the evidence that the goods in question were purchased of Ubsdell, Pierson & Co., and if the jury further find that there was no assignment of the indebtedness for said goods to plaintiffs, and of which assignment the defendants had notice, the jury will find for the defendants. 2. The jury are instructed that there is no evidence of any assignment from Ubsdell, Pierson & Co. to the plaintiffs of any indebtedness due Ubsdell, Pierson & Co. by defendants. 3. The jury are instructed that there is no evidence of a partnership between the defendants P. & B. Cunningham at the time of the purchase of the bale of goods in question. 4. Although the jury may find that there was a contract between Ubsdell, Pierson & Co. and plaintiffs to deliver the goods in question and to collect the costs and charges thereon, yet the jury must find for the defendants, unless there is evidence that the defendants were parties to said contract. 5. If the jury believe from the evidence that the goods in question were originally purchased from Ubsdell, Pierson & Co., and that they were delivered to the plaintiffs as common carriers for the purpose of being delivered to the defendants, and they were so delivered, the jury are instructed that the plaintiffs can not recover in this action for any thing but the freight upon said goods. 6. The jury are instructed that if they find that the plaintiffs in this case were bailees of the goods in question, and as such delivered them to defendants, the plaintiffs can not recover in this action. 8. The jury are instructed that there is no evidence in this cause that the defendants or either of them ever agreed to pay the plaintiffs any thing on account of the goods in question."

Of these instructions asked by the defendants, the court gave the third. The jury found a verdict for the plaintiff.

*Draffen* and *Hening*, for plaintiffs in error.

I. The defendant in error at the time of instituting this suit had no cause of action against the plaintiffs in error, or either of them.

II. The facts in this case show that this case is not within the provisions of the attachment law. The 13th subdivision of the first section of the law of attachments (R. C. 1855) gives a vendor of goods a right to sue the vendee for the price, where there is a contract between them that the vendee shall pay for the same upon delivery. The Express Company is not the vendor of the goods in question; it was but a mere agent, for said goods were purchased by B. Cunningham from Ubsdell, Pierson & Co.; and therefore no privity of contract exists between the company and the plaintiffs in error, or either of them. If the Express Company agreed with Ubsdell, Pierson & Co. to collect the price of the goods from B. Cunningham upon their arrival at Jefferson city and failed to do so, this would not even give the company any right of action against B. Cunningham until after it paid the price of the goods to Ubsdell, Pierson & Co., and the proper form of action then would be for money paid. (See Smith on Cont. 107–110.)

III. The goods, for the price of which this suit was brought, were sold to B. Cunningham by Ubsdell, Pierson & Co. The goods that were attached belonged in part to P. Cunningham and in part to B. Cunningham, and were entirely a different lot of goods, and it was the mixing of these goods that were attached that the first two instructions refer to. Now if the Express Company ever had any cause of action against B. Cunningham, the same existed almost a year before Patrick Cunningham shipped his goods, and it is difficult to see how the mere shipment of his goods upon the same conveyance with B. Cunningham's goods can give the Express Company a right to sue him for a debt that he had no part or lot in contracting. There is no evidence that Patrick Cunningham knew that Barnard Cunningham owed any person for the goods in question. There is no evidence of any fraud on his part, either as against the Express Company or any other

persons. The instructions therefore on this point are erroneous, and are not warranted by the law of the land or the evidence in the case.

IV. The Missouri Express Company had no right to sue Barnard Cunningham, much less Patrick, before paying for the goods to Ubsdell, Pierson & Co.; for the case is like that of a security paying the debt of his principal; the payment is the consideration for the promise, and it is absolutely necessary to show payment before an action will lie. (1 Smith's L. Cas. 70–73 ; Toussaint v. Martinant, 2 T. R. 100 ; Exall v. Partridge, 8 T. R. 308 ; 3 Metcalf, 169.)

*Stephens & Vest*, for defendant in error.

I. B. Cunningham, having by his wrongful act involved the Express Company in a legal obligation to Ubsdell, Pierson & Co. for his own debt to that house, the law implies a contract upon his part to pay the Express Company the amount for which they have so become liable. (Chitty on Cont. 24 ; 1 Story on Cont. 579 ; 1 Parsons on Cont. 392–4.)

II. P. Cunningham, having fraudulently mixed his goods with those of his brother for the purpose of defeating a recovery of this debt, became equally liable with him to the plaintiff.

III. The plaintiffs in error having, by their own wrongful acts, become the debtors of the Express Company, instead of Ubsdell, Pierson & Co., the company now have the same rights and remedies which Ubsdell, Pierson & Co. originally had. (Haven v. Foley & Papin, 19 Mo. 632.)

Scott, Judge, delivered the opinion of the court.

This being a proceeding under the 13th subdivision of the 1st section of the act providing for suits by attachment, it is necessary that the plaintiff should show itself within the purview of the statute. The words are, " where the debtor has failed to pay the price or value of any article or thing delivered which by contract he was bound to pay upon the delivery." (R. C. 1855, p. 239.) We do not see how, within

the meaning of the act, the Express Company can be substituted for the vendors of the goods. The question is not whether the company may not sue, but whether it is the party to whom the law has given the remedy by attachment. We do not see that Ubsdell, Pierson & Co. have, by any act of theirs, assigned the contract to the Express Company, even if it were competent for them so to do with the view of entitling it to the remedy by attachment.

We do not know on what principle the instruction given against P. Cunningham can be sustained. There is not the least evidence of a partnership between him and B. Cunningham at the time the goods were sold for which this suit is brought. If, as the instruction assumes, he did mix his goods, which were attached, with B. Cunningham's, to defeat plaintiff in recovering his demand, we do not know on what principle such conduct would have rendered him liable to an action which had accrued a long time previously. Mixing his goods fraudulently with those of another may have affected his right to them, but we do not see how it subjected him to a suit on a demand due a long time before there was any mingling of the goods.

Judgment reversed, and judgment for defendants; Judge Ryland concurring; Judge Leonard absent.